IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAN JOINT VENTURE III, L. P. | ) | Case No. 18-cv-00349 |
| | ) | |
| Plaintiffs, | ) | Honorable Robert M. Dow Jr. |
| v. | ) | |
| | ) | |
| DORETHA TOURIS, et al | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JAMES PAUL'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT**

NOW COMES Paul, James Paul ("Paul"), by his counsel, and for his *Memorandum of Law in Support of his Motion to Dismiss the Amended Complaint,* states as follows:

**BACKGROUND**

On January 17, 2018, DAN Joint Venture III, L. P., ("DAN") filed its Complaint against 31 defendants (DE 1) alleging a long running scheme, concocted and orchestrated by Nicholas S. Gouletas ("Gouletas") to defraud his creditors. On February 15, 2018 DAN filed its Amended Complaint against the same defendants. (DE 11) (the "Complaint"). The amended complaint did not change the DAN's theory of the case or substantially alter the allegations of the original complaint.

DAN asserts that commencing no later than July, 2014 Gouletas embarked on a fraudulent scheme to defraud his creditors (Complaint, paragraph 19). The Complaint alleges various actions which Gouletas allegedly took thereafter in furtherance of this scheme. (Complaint, paragraphs 10-50) However, in more than 40 paragraphs of actions DAN alleges Gouletas took in furtherance of his scheme Paul is never mentioned. DAN's sole allegation regarding Paul is DAN's

ineffective attempt to impute knowledge of Gouletas' alleged fraudulent scheme contained in paragraph 59 of the Complaint.

Lumping Paul, with dozens of other defendants, DAN the sweeping conclusion that:

> "None of the Defendants listed below took the fraudulently transferred funds in good faith because each defendant knew, must have known or should have known that numerous judgments had been entered against Gouletas, with outstanding Citation Liens which prohibited Gouletas from transferring his assets." (Complaint, paragraph 59)

This is the sole allegation regarding Paul's alleged participation in Gouletas' fraudulent scheme.

Paul is a resident of California (Complaint, paragraph 6.7). He is not a resident of Chicago or Illinois, where Gouletas' alleged scheme and his litigation occurred (Complaint, paragraphs 7-50). Paul was not a party to any of the litigation DAN cites. DAN fails to point to any specific information in Paul's possession which should have alerted Paul to Gouletas' financial problems, or any reason why Paul should have sought out information of judicial proceedings occurring in Illinois. Nevertheless, DAN concludes Paul somehow should have known of Gouletas' judgments. It simply isn't so.

### The Complaint fails to allege that Paul was a knowing participant in Gouletas' alleged fraud.

Under Illinois law[1] a showing of a debtor's fraudulent intent in making a transfer does not automatically make the transferee liable to the Debtor's creditors for such transfer. The transferee may avoid such liability if he can show that he is a bona fide purchaser or creditor, giving reasonably equivalent value for the transfer, and is without knowledge of the transferor's alleged fraud.

---

[1] Plaintiff is pursuing recovery of claims under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 et. seq.

150483002

The Illinois Appellate Court held in *Alan Drey Co., Inc. v. Generation, Inc.,* 22 Ill. App. 3d 611, 619, 317 N.E.2d 673, 680 (1st Dist. 1974) that:

> "Merely showing a fraudulent intent on the part of the transferor is insufficient, however, to impose liability on the transferee. The transferee must be a participant in the fraud rather than a bona fide purchaser. To constitute a bona fide purchaser from a fraudulent transferor, he must have purchased the property for valuable consideration, without notice of the fraud, and he must be innocent of any purpose to further the fraud, even to protect himself. (Ill.Rev.Stat.1971, ch. 59, par. 5; 20 I.L.P. Fraudulent Conveyances, s 192 and cases cited therein.) To be regarded as a participator in the fraud, it is not necessary that the purchaser have actual knowledge of the debtor's fraudulent intent, but merely a knowledge of facts and circumstances sufficient to excite the suspicions of a prudent man and be put on inquiry, or to lead a person of ordinary perception to infer fraud. Hanchett v. Goetz, Supra."

While no one argues that a party can ignore information of which they should have been aware, DAN fails to present any facts to support its conclusion that Paul knew or should have known of Gouletas' legal problems. Other than being identified as a defendant, nowhere in the first 58 paragraphs of DAN's Complaint is Paul even mentioned.

DAN cites the case of *See For Your Ease Only, Inc. vs. Calgon Carbon Corp*, 560 F.3d 717,727 as supportive of its broad allegation that Paul and all of the other defendants' "should have" known of Gouletas' alleged fraud. However, in that case the Seventh Circuit merely confirmed the *Alan Gray* rule: That a transferee lacks good faith if they act with knowledge of a transferor's outstanding judgments or turn a blind eye to avoid such knowledge. The Seventh Circuit stated:

> "…the Illinois Court of Appeals found a lack of good faith where the transferee knew of an outstanding judgment and sought protection should

150483002

>any claim to the transferred property arise from that judgment. *Alan Drey Co. v. Generation, Inc.,* 22 Ill.App.3d 611, 317 N.E.2d 673, 680 (1974). In the closely related area of bankruptcy, this court defined good faith for purposes of § 550(b) of the bankruptcy code as a state of mind in which the person is "without knowledge of voidability." *Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890, 897 (7th Cir.1988). We commented that knowledge does not require a 'complete understanding of the facts ... some lesser knowledge will do.' Id. at 898." 560 F.3d 717, 721-722."

In attempting to ensnare Paul (and perhaps others) DAN asserts that Paul lacked good faith because he "…knew, must have known or should have known …" of Gouletas' fraudulent scheme because of the existence of judgments and citations against Gouletas. But DAN fails to allege exactly how Paul supposedly got this knowledge; *i.e.,* what facts and circumstances were supposedly known to Paul which would have been "sufficient to excite the suspicions of a prudent man" (such as Paul) and to put him on inquiry, or "lead a person of ordinary perception to infer fraud". *Alan Gray*, supra. at 680. This is especially telling with respect to Paul, living more than two thousand miles away and otherwise not familiar with the Chicago legal news and happenings.

The Complaint contains no allegation against Paul, save that he received a transfer -- allegedly from Gouletas or some unidentified entity or individual acting on Gouletas' behalf. The Complaint contains no allegations of Paul having any connection with Gouletas' allegedly fraudulent scheme except for receiving some money due him from Gouletas or one of Gouletas' entities. DAN has failed to allege any facts to support its conclusion that Paul had, or should have had, knowledge of Gouletas' problems. Accordingly, the Complaint fails to state facts upon which a claim for relief can be granted, and Count I of the Complaint as to Paul should be dismissed[2].

**The Complaint fails to meet the heightened pleading requirements of Rule 9.**

Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)") reads, in part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake….".

---

[2] Paul is named as a defendant only in Count I of the Complaint.

150483002

The Supreme Court explained in *U.S. ex rel. Costner v. United States*, 317 F.3d 883 (8th Cir. 2003): "This particularity requirement of Rule 9(b) demands a higher degree of notice than that required for other claims. <u>The claim must identify who, what, where, when, and how.</u> *Parnes v. Gateway 2000, Inc*., 122 F.3d 539, 550 (8th Cir.1997) (applying Rule 9(b) to a securities fraud claim) (emphasis supplied). Rule 9(b) is to be read in the context of the general principles of the Federal Rules, the purpose of which is to simplify pleading. Thus, the particularity required by Rule 9(b) is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations. Abels v. Farmers Commodities Corp., 259 F.3d 910, 920–21 (8th Cir.2001)". 317 F.3d 883, 888.

Paul cannot respond with specificity to DAN's general allegation that he should have known of Gouletas' allegedly fraudulent scheme, as DAN provides no facts for Paul to respond to. Although that Supreme Court precedent requires that DAN must provide specification of the "who, what, where, when, and how" in order to plead fraud, DAN has failed to do so. In fact, DAN has failed to allege even one of these five elements.

DAN has not alleged: (i) who provided Paul with information regarding Gouletas' problems; (ii) exactly what information Paul is alleged to have known; (iii) where Paul received this information; (iv) when Paul was provided this information; or (v) how Paul obtained this information. The Complaint is silent as to each of these elements. Without these facts, Paul cannot respond "specifically and quickly," as the Supreme Court prescribes.

The Complaint alleges only that Paul received a transfer of $110,000 from some unidentified individual or entity, allegedly on Gouletas' behalf; and that Paul therefore should have known of Gouletas' allegedly fraudulent scheme. None of the required facts - the who, what, when, where or how - have been alleged.

As shown above, DAN has failed to provide the essential facts to support its conclusion that Paul lacked good faith in accepting the transfer in January, 2015. DAN has failed to allege facts to show that Paul should have known of Gouletas' alleged fraud.

Simply put, the Complaint fails to allege sufficient facts to state a claim upon which relief can be granted, much less meet the heightened pleading requirements of Rule 9(b) and accordingly should be dismissed.

## CONCLUSION

In light of the foregoing, the Court should dismiss Count I of the Complaint against James Paul.

                          **JAMES PAUL**

                          By: /s/ Richard H. Fimoff
                          One of his attorneys

Richard H. Fimoff (804886)
Robert J. Trizna (3123760)
ROBBINS, SALOMON & PATT, LTD.
180 N. LaSalle St., Suite 3300
Chicago, IL 60601
(312) 782-9000
rfimoff@rsplaw.com
rtrizna@rsplaw.com

CERTIFICATE OF SERVICE

      Richard H. Fimoff an attorney, certifies that on the 27th day of March, 2018, he caused the foregoing **James Paul's Memorandum in Support of His Motion to Dismiss** to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all registered ECF users in this case.

      /s/Richard H. Fimoff

Richard H. Fimoff (804886)
Robert J. Trizna (3123760)
ROBBINS, SALOMON & PATT, LTD.
180 N. LaSalle St., Suite 3300
Chicago, IL 60601
(312) 782-9000
rfimoff@rsplaw.com
rtrizna@rsplaw.com

150483002