**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| D.A.N. JOINT VENTURE III, L.P., as Assignee of Bankruptcy Trustee Richard M. Fogel, the Chapter 7 Trustee for the Bankruptcy Estate of Debtor Nicholas S. Gouletas, | ) ) ) ) ) | | |
| | ) | | |
| Plaintiff, | ) ) | | |
| vs. | ) ) | No. | 18-cv-00349 |
| | ) | | |
| DOROTHEA TOURIS; STEVEN E. GOULETAS; NATEL MATSCHULAT; HOME BY INVSCO, INC.; 800 SOUTH WELLS PHASE II, LLC; PAUL JONES; JAMES PAUL; STUART T. ADLER, Individually and as Trustee of the Stuart T. Adler Revocable Family Trust; GEORGE STRAY; GEORGE SPANOS; WARADY & DAVIS LLP; BEERMANN PRITIKIN MIRABELLI SWERDLOVE LLP; SEG GARVEY LLC; NKM GARVEY LLC; IRENE GOULETAS; DESIREE WITTE; VICTORIA M. GOULETAS; ROSALIE GOULETAS; LOUIS GOULETAS; MICHAEL GOULETAS; BRITTANY GOULETAS; and DOE DEFENDANTS 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | | |
| | ) | | |
| Defendants. | ) | | |

**DEFENDANT NATEL MATSCHULAT'S**
**RULE 12(B)(6) MOTION TO DISMISS**

Defendant, Natel Matschulat ("Matschulat"), by Much Shelist, P.C., her attorneys, hereby respectfully moves pursuant to Rule 12(b)(6) to dismiss the First Amended Complaint filed by Plaintiff, D.A.N. Joint Venture III, L.P., and in support thereof, states as follows:

## INTRODUCTION

Plaintiff has filed a first amended complaint against numerous defendants purporting to assert claims for fraudulent conveyance under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq.* (the "IUFTA"). Plaintiff alleges that it is asserting these claims "as assignee of Bankruptcy Trustee Richard M. Fogel ("Bankruptcy Trustee"), who is the Bankruptcy Trustee for the Chapter 7 Bankruptcy Estate of Nicholas S. Gouletas, Debtor, which is pending in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, *In re Nicholas S. Gouletas, Debtor*, No. 16-01335." (DE 11, ¶ 5.2.) Plaintiff further alleges that "[p]ursuant to 11 U.S.C. §544(b)(1), the Bankruptcy Trustee, and thus Plaintiff as assignee, has standing to invoke the provisions of IUFTA to set aside fraudulent transfers made by the Debtor." (*Id.*) In support, Plaintiff cites *In re Xonics Photochemical*, 841 F.2d 198 (7th Cir. 1988). (*Id.*)

However, while Plaintiff is correct that the Bankruptcy Trustee has standing under Section 544 of the Bankruptcy Code to invoke the provisions of the IUFTA to seek to set aside alleged fraudulent transfers made by the Debtor, the Bankruptcy Trustee has no authority to assign or transfer such claims to a third party such as Plaintiff. *See In re Waterford Funding*, 2017 WL 439308 (D.Utah Sept. 1, 2017); *In re Boyer*, 372 B.R. 102 (D.Conn. 2007); *In re Carragher*, 249 B.R. 817 (Bankr.N.D.Ga. 2000); 11 U.S.C. §544. As such, Plaintiff herein lacks standing to pursue claims against Matschulat under the IUFTA.

## FACTUAL BACKGROUND

Plaintiff has alleged that Nicholas S. Gouletas ("Gouletas") engaged in a scheme "to hide, transfer and otherwise shield his assets from the claims of certain of his judgment creditors." (DE 11, ¶ 5.2.) Plaintiff alleges that while creditors were pursuing citation actions

against him, Gouletas filed for bankruptcy through a Chapter 7 bankruptcy filing. (*Id.*) Plaintiff further alleges that while the bankruptcy filing prohibits further collection efforts against Gouletas, it does not prohibit fraudulent transfer actions against individuals to whom Gouletas allegedly fraudulently transferred his assets. (DE 11, ¶ 2.)

As stated, Plaintiff brings this action as the purported assignee of the Bankruptcy Trustee to assert claims under the IUFTA. As to Matschulat, Plaintiff alleges in Count I that Matschulat received four transfers of money that violated Section 160/5(a)(1) of the IUFTA. (DE 11, ¶ 60(c).) Plaintiff alleges in Count IV that these four transfers also violated Section 160/6(a) of the IUFTA. (DE 11, ¶ 83(c).) In Count II, Plaintiff alleges that the transfer to Matschulat of an interest in an entity named NKM Garvey violated 160/5(a)(1) of the IUFTA. (DE 11, ¶ 63(b).) Finally, in Count IV, Plaintiff alleges that the same transfer of the interest in NKM Garvey violated 160/6(a) of the IUFTA. (DE 11, ¶ 71(b).)

## ARGUMENT

**I.**    **Plaintiff Lacks Standing To Pursue The Fraudulent Transfer Claims Against Matschulat.**

Section 544 of the Bankruptcy Code provides as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

(2) Paragraph (1) shall not apply to a transfer of a charitable contribution (as that term is defined in section 548(d)(3)) that is not covered under section 548(a)(1)(B), by reason of section 548(a)(2). Any claim by any person to recover a transferred contribution described in the preceding sentence under Federal or State law in a Federal or State court shall be preempted by the commencement of the case.

11 U.S.C. § 544. Here, Plaintiff alleges that the Bankruptcy Trustee has standing pursuant to Section 544(b)(1) to pursue the IUFTA claims against Matschulat. (DE 11, ¶ 5.2.). Plaintiff then alleges that it has standing to pursue the claims because the Bankruptcy Trustee assigned his rights under Section 544(b)(1) to pursue the claims against Matschulat to Plaintiff. (*Id.*) Thus, Plaintiff's standing to pursue the claims against Matschulat is dependent upon the Bankruptcy Trustee having the right under Section 544(b)(1) to assign the claims to Plaintiff.

A reading of the plain language of Section 544 of the Bankruptcy Code demonstrates that the Bankruptcy Trustee cannot assign his rights and powers to avoid and recover alleged fraudulent transfers. The statute specifically grants the power to "the trustee." The statute does not confer such powers to designees or assignees. It is principally because of the plain language of Section 544 that numerous courts have held that bankruptcy trustees cannot assign claims that bankruptcy trustees have the power to bring based solely on the power granted to bankruptcy trustees under Section 544(b)(1). *See In re Waterford Funding*, 2017 WL 439308 (D.Utah Sept. 1, 2017); *In re Boyer*, 372 B.R. 102 (D.Conn. 2007) (holding that a bankruptcy trustee cannot

assign avoidance claim); *In re Carragher*, 249 B.R. 817 (Bankr.N.D.Ga. 2000) ("Absent extraordinary circumstances, a trustee is prohibited from selling, transferring, or assigning the right to assert and maintain an estate's avoidance action to an individual creditor.").[1]

In addition, the court in *In re Waterford Funding* identified the policy considerations that "also counsel against the assignment of avoidance powers." *In re Waterford Funding*, 2017 WL 439308 at *3. Specifically, the court stated as follows:

> In cases where the assignee is a creditor, "[i]t is feared that by allowing one creditor to buy a claim from the trustee and pursue that claim on his own behalf, that creditor may be allowed to recover more of the estate's assets than would otherwise rightfully be due to that creditor." In addition, courts also express a concern that permitting parties other than trustees to pursue avoidance actions would expose the legal system to a multiplicity of lawsuits filed by many different individual plaintiffs. This outcome would likely increase the burden on the federal courts and run counter to the policy that favors "the orderly administration of the bankruptcy estate" through the appointment of a chapter 7 trustee. (Internal citations omitted.)

*Id.*

The only case cited by Plaintiff in support of its standing to bring this action is *In re Xonics Photochemical*, 841 F.2d 198 (7th Cir. 1988). (DE 11, ¶ 5.2.) However, *In re Xonics Photochemical* did not involve a purported assignment of avoidance claims under the IUFTA by a bankruptcy trustee. In fact, to the contrary, the court noted that the right to invoke Section 544(b) of the Bankruptcy Code "belongs not to a particular unsecured creditor . . . but to the trustee (or debtor in possession) as the representative of all the unsecured creditors." *Id.* at 202.

Accordingly, based upon the language of Section 544(b)(1) of the Bankruptcy Code and the authority set forth herein, the Bankruptcy Trustee could not assign the power to bring

---

[1] Matschulat recognizes that there are other courts that have held to the contrary, but Matschulat submits that the cases upon which she relies are the better reasoned cases. *See, e.g., Cedar Rapids Lodge & Suites, LLC v. Seibert*, 2018 WL 747408 (D.Minn. Feb. 7, 2018). Counsel for Matschulat has not identified any decision from the 7th Circuit Court of Appeals addressing this issue.

avoidance claims under the IUFTA to Plaintiff. Thus, Plaintiff has no standing to bring the IUFTA claims against Matschulat in Counts I, II, III, and IV of the First Amended Complaint.

## CONCLUSION

WHEREFORE, Matschulat respectfully requests that the Court enter an order dismissing Plaintiff's claims against Matschulat in Counts I, II, III, and IV of the First Amended Complaint.

Respectfully submitted,

NATEL MATSCHULAT


By:/s/Martin J. O'Hara
One of Her Attorneys


Martin J. O'Hara (mohara@muchshelist.com)
MUCH SHELIST, P.C.
191 N. Wacker Drive
Suite 1800
Chicago, IL 60606
(312) 521-2000

6

8848868