IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D.A.N. JOINT VENTURE III, L.P., <br><br> Plaintiff, <br><br> v. <br><br> DOROTHEA TOURIS, et al. <br><br> Defendants. | Case No. 1:18-cv-00349 <br> Judge Robert M. Dow, Jr. |

**STUART T. ADLER'S MOTION TO JOIN DEFENDANT NATEL MATSCHULAT'S MOTION TO DISMISS FOR LACK OF STANDING**

Defendant Stuart T. Adler, individually and as trustee to the Stuart T. Adler Revocable Family Trust dated January 31, 1992 ("Adler"), joins in defendant Natel Matschulat's ("Matschulat") motion to dismiss (Dkt. No. 68). Adler states as follows in support of the same.

1. Plaintiff purports to assert all claims in this case as the assignee of the chapter 7 bankruptcy trustee of the bankruptcy estate of Nicholas S. Gouletas (the "Bankruptcy Trustee"). (*See* First Amended Complaint ("Complaint"), Dkt. No. 11, ¶ 5.2.)

2. In Count I of the Complaint, plaintiff asserts a claim against Adler under Section 5(a)(1) of the Illinois Uniform Fraudulent Transfer Act ("IUFTA").

3. Matschulat has moved this Court to dismiss the IUFTA claims against her for lack of standing. Specifically, Matschulat argues that the Bankruptcy Trustee did not have the authority to assign those claims to plaintiff because, among other things, such claims are the property of Gouletas's creditors; not his bankruptcy estate. Therefore, plaintiff does not have standing to pursue its IUFTA claims against Matschulat—or any other defendant in this case. (*See* Matschulat's motion to dismiss [Dkt. No. 68] and her reply brief in support of the same [Dkt. No. 93].)

4. If this court grants Matschulat's motion to dismiss and determines that plaintiff does not have standing to assert the IUFTA claims in this case, that order would dispose of all claims asserted by plaintiff in this case—including the claim against Adler.

6. To avoid any doubt that the claim against Adler should be dismissed if Matschulat's motion is granted—and to avoid duplicative briefing—Adler expressly joins in Matschulat's motion to dismiss and respectfully requests that this court dismiss the claim against Adler for the reasons stated therein.

Dated: August 21, 2018                Respectfully submitted,


By:  /s/ John E. Zummo

John E. Zummo, Bar No. 6239693
John E. Zummo Law
233 S. Wacker Dr., Suite 2275
Chicago, IL 60606
(312) 504-1333
jzummo@zummolaw.com

*Counsel for Stuart T. Adler*