# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAN JOINT VENTURE III, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-349 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| DOROTHEA TOURIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion for summary judgment [56] filed by Defendants Steven Gouletas, Irene Gouletas, Desiree Witte, Victoria Gouletas, Rosalie Gouletas, Louis Gouletas, and Brittany Gouletas (the "Garvey Court Defendants"). For the reasons set forth below, the motion for summary judgment [56] is denied. Further status hearing set for April 24, 2019 at 9:00 a.m.

**I.   Background**

On January 17, 2016, non-party Nicholas Gouletas ("Debtor"") filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. [59, at ¶ 12.] Richard Fogel ("Bankruptcy Trustee") was appointed trustee of the Debtor's Chapter 7 Bankruptcy Estate. [*Id*. at ¶ 13.] Debtor previously was involved in a real estate development referred to as "Garvey Court." [*Id*. at ¶ 16.] At one time, Debtor owned an interest in the Garvey Court project through two entities: SEG Garvey LLC and NKM Garvey LLC. [*Id*.] In May of 2014, Debtor transferred his interest in SEG Garvey LLC to the Summary Judgement Defendants in the following percentages: (i) Steven Gouletas - 16.66%; (ii) Irene Gouletas - 16.67%; (iii) Desiree Witte - 16.67%; (iv) Victoria Gouletas - 16.67%; (v) Rosalie Gouletas - 16.67%; (vi) Louis

Gouletas - 5.53%; (vii) Michael Gouletas - 5.53%; (viii) and Brittany Gouletas - 5.54%.[1] [76-2, at ¶ 10.] In November 2016, each of the Garvey Court Defendants assigned their respective interests in SEG Garvey LLC to the Bankruptcy Trustee ("SEG Garvey Assignments"). [59, at ¶ 20.] On or about November 23, 2016, the Bankruptcy Trustee accepted the SEG Garvey Assignments. [*Id*. at ¶ 21.] There is no evidence that the Bankruptcy Trustee entered into a settlement agreement or release with the Gouletas Defendants. [76-2, at ¶ 16.] The Bankruptcy Trustee did not file a motion in the bankruptcy court regarding any purported settlement of the claims against the Gouletas Defendants regarding the Garvey Court transfers.[2] [*Id*. at ¶ 18.] Nor did the bankruptcy court enter any order authorizing the Bankruptcy Trustee to accept the return of the interests in the Garvey Court project as part of a compromise and settlement of the bankruptcy estate's fraudulent transfer claims against the Garvey Court Defendants. [*Id*. at ¶ 19.] A manager of 800 SWC Commercial LLC ("800 SWC"), the largest creditor of Gouletas in connection with Gouletas's Chapter 7 bankruptcy filing, represents that 800 SWC would have objected to any motion to approve a purported settlement of the bankruptcy estate's fraudulent transfer claims against the Garvey Court Defendants by the return of the interests in the Garvey Court project alone. [76-1, at ¶¶ 1, 13, 18.]

---

[1] This fact is taken from Plaintiff's Statement of Additional Facts. Plaintiff does not properly cite to evidence in support of this fact, instead citing the amended complaint. *Nisenbaum v. Milwaukee Cty.*, 333 F.3d 804, 810 (7th Cir. 2003) ("Allegations in a complaint are not evidence."); *Tibbs v. City of Chicago*, 469 F.3d 661, 663 n.2 (7th Cir. 2006) (recognizing same). But the assertion is supported by documents in the record [see 59-5 (Ex. E to Defs.' R. 56.1 Stmt.)], and the fact is not disputed by the Garvey Court Defendants. Furthermore, the percentage of interests transferred is not relevant to the resolution of the pending motion for summary judgment.

[2] This statement of fact is supported by an affidavit provided by one of Gouletas's largest creditors, who is familiar with the bankruptcy proceedings. It also is supported by review of the bankruptcy court docket, of which the Court can take judicial notice. *Lulay Law Offices v. Rafter*, 579 B.R. 827, 829 n.1 (N.D. Ill. 2017) (citing *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)).

An involuntary Chapter 7 bankruptcy petition was filed against Garvey Court, LLC on December 17, 2014; that action was dismissed April 10, 2015. See *In re Garvey Court, LLC*, No. 14-44900 (Bank. N.D. Ill. 2014). A second involuntary Chapter 7 bankruptcy action was filed against Garvey Court, LLC on January 20, 2016. See *In re Garvey Court, LLC*, No. 16-01700 (Bank. N.D. Ill. 2016). The Bankruptcy Trustee sold his "fraudulent transfer, alter-ego, and common law tort claims" to the Plaintiff for $15,000. [59, at ¶ 14.] The bankruptcy court presiding over Debtor's bankruptcy action authorized the sale on August 18, 2017. [*Id*. at ¶ 14.] On September 13, 2017, the Bankruptcy Trustee and Plaintiff executed an Assignment of Claims and Causes of Action for the Bankruptcy Trustee's "fraudulent transfer, alter-ego, and common law tort claims." [*Id*.]

## II.     Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Gibbs*

3

*v. Lomas*, 755 F.3d 529, 536 (7th Cir. 2014) (quoting *Jewett v. Anders*, 521 F.3d 818, 821 (7th Cir. 2008)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). With each motion for summary judgment filed pursuant to Rule 56 "the moving party shall serve and file—(1) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e); (2) a supporting memorandum of law; and (3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law[.]" LR 56.1 (N.D. Ill.). The statement of material facts "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." *Id*.

"Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth specific facts showing that there is a genuine issue for trial.'" *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) (quoting Fed. R. Civ. P. 56(e)); see also *Anderson*, 477 U.S. at 250. A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The

party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp.*, 477 U.S. at 323. In evaluating a motion for summary judgment, the Court will construe all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Bell v. Taylor*, 827 F.3d 699, 704 (7th Cir. 2016).

**III.     Analysis**

Defendants Steven Gouletas, Irene Gouletas, Desiree Witte, Victoria Gouletas, Rosalie Gouletas, Louis Gouletas, and Brittany Gouletas move for summary judgment on Counts II and III of the first amended complaint, arguing that Plaintiff already has obtained all the relief it can obtain with respect to those counts. Counts II and III of Plaintiff's first amended complaint assert avoidance actions against the Garvey Court Defendants pursuant to Sections 5(a)(1) and 6(a) of the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 et seq. [76, at ¶ 19.] Plaintiff seeks to recover from the Garvey Court Defendants the value of the interests in the SEG Garvey project transferred to them by Gouletas. It is undisputed that that in November 2016, Defendants assigned all interest they received in SEG Garvey LLC to the Bankruptcy Trustee. It also is undisputed that the Bankruptcy Trustee accepted those assignments. Still, Plaintiff argues that the mere acceptance by the Bankruptcy Trustee of Defendants' Assignments did not release Plaintiff's fraudulent transfer claims against the Garvey Court Defendants for the diminished value of the SEG Garvey Assignments.

Defendants argue that the Bankruptcy Trustee (in whose shoes Plaintiff stands by virtue of the bankruptcy court-approved assignment of claims) already recovered the transferred property (*i.e.*, their interests in the SEG Garvey project transferred to them by Gouletas). According to

Defendants, any additional recovery would violate the single recovery rule in Section 550(d) of the Bankruptcy Code. Section 550 of the Bankruptcy Code provides:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property * * *.
>
> * * *
>
> (d) The trustee is entitled to only a single satisfaction under subsection (a) of this section. 11 U.S.C. §550.

11 U.S.C. §550. According to Defendants, where a transfer is avoided as fraudulent, Section 550(a) permits the bankruptcy trustee to recover the property transferred or the value of the property, but not both.

Plaintiff raises a number of arguments in response. First, Plaintiff argues that Section 550(a) does not apply because there was no transfer avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a). However, Plaintiff's amended complaint asserts jurisdiction under 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Plaintiff is bringing his IUFTA claims against Defendants under Section 544(b)(1) of the Bankruptcy Code. Section 544(b)(1) grants a bankruptcy trustee the authority to "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." 11 U.S.C. §544(b)(1). The Court sees no reason why Section 550(a) would not apply to the IUFTA claims brought by Plaintiff under Section 544.

Second, Plaintiff argues that—contrary to Defendants' argument—Section 550(a) allows for the recovery of both the property transferred and the diminished value of that property, subject

6

only to Section 550(d)'s single satisfaction limitation. Defendants argue that this position is inconsistent with the plain language of Section 550(a), which uses the disjunctive "or" between the types of relief available under Section 550. However, "[a]s defined in the Bankruptcy Code, 'or' is not exclusive." *Freeland v. Enodis Corp.*, 540 F.3d 721, 740 (7th Cir. 2008) (citation omitted). The Garvey Court Defendants argue that other courts have rejected the interpretation of Section 550 advanced by Plaintiff, citing the First Circuit's decision in *Miranda v. Doral Fin. Corp. (In re Marrero)*, 382 B.R. 861 (1st Cir. 2008). In that case, the court concluded that Section 550(d)—the single satisfaction limitation—eliminates the possibility that a trustee could recover more than one satisfaction by obtaining the property transferred and the value of the property from one or more transferees. *In re Marrero*, 382 B.R. at 866-67. However, *Marrero* did not hold that the remedies available under Section 550(a) are mutually exclusive. Rather, the court merely recognized Section 550(d) eliminates the possibility that a trustee could recover more than one satisfaction. 382 B.R. at 867. When the property transferred has not lost any value, allowing a trustee to recover both the value of the property and the property itself *would* result in double satisfaction and therefore would violate the single satisfaction limitation of Section 550(d).

Here, however, Plaintiff contends that the value of the property transferred diminished after the property was transferred. As courts consistently recognize, "Section 550(a) is intended to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." *In re First Nat. Parts Exch., Inc.*, 2000 WL 988177, at *9 (N.D. Ill. July 18, 2000) (quoting *In re Centennial Textiles, Inc.,* 220 B.R. 165, 176 (Bankr. S.D.N.Y. 1998)) (internal quotation marks omitted); see also *In re James B. Downing & Co.*, 74 B.R. 906, 911 (Bankr. N.D. Ill. 1987) ("The market price at the time of transfer is the proper measure of damages because that is what the debtor would have been able to get for its [product] had it not been improperly transferred.");

7

*Grochocinski v. Schlossberg*, 402 B.R. 825, 841 (N.D. Ill. 2009) ("[T]he proper measure for recovery under Section 550 is the market value at the time of transfer, less the consideration received." (citation omitted)). Defendants return of the diminished property alone—which Plaintiff contends had lost much of its value[3]—therefore would not appear to be the full measure of damages allowable under Section 550(a).

The Court recognizes that courts generally discuss the forms of relief available under Section 550(a) as alternative forms of relief. See, *e.g., In re Veluchamy*, 879 F.3d 808, 822 (7th Cir. 2018) ("The bankruptcy court had discretion to decide whether to order recovery of the property or recovery of its value."); *Rodriguez v. Daimlerchrysler Fin. Servs. Am. LLC*, 408 B.R. 355, 359 (10th Cir. 2009) ("We read the word 'may' in § 550(a) as granting two levels of discretion: first, in determining whether to allow recovery in any form and second, in determining which of the alternative forms of relief to grant. In short, if the Trustee seeks § 550(a) relief and the bankruptcy court grants that relief, it may either allow recovery of the transferred property, or, 'if the court so orders,' its value."); *In re Ruvalcaba*, 2018 WL 2317682, at *18 (Bankr. N.D. Ill. May 17, 2018) ("Section 550(a) gives the bankruptcy court 'discretion to decide whether to order recovery of the property or recovery of its value.'" (quoting *In re Veluchamy*, 879 F.3d 808, 822 (7th Cir. Jan, 12, 2018)).

---

[3] The Garvey Court Defendants contend that the value of the property is immaterial to the resolution of their motion for summary judgement and that—in any event—there is no admissible evidence of the value of the property at the time of the transfer. Since "Section 550(a) is intended to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred[,]" *In re First Nat. Parts Exch., Inc.*, 2000 WL 988177, at *9 (quoting *In re Centennial Textiles, Inc.*, 220 B.R. at 176) (internal quotation marks omitted), the Court concludes that the value of the property at the time of the transfer is relevant. Furthermore, given that the Bankruptcy Trustee accepted the SEG Garvey Assignments after the second involuntary Chapter 7 bankruptcy action was filed against Garvey Court, LLC, the Court can infer that the value of the interests had decreased. Regardless, the party seeking summary judgment—here, the Garvey Court Defendants—has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp.*, 477 U.S. at 323.

However, these cases do not address head on whether a trustee can recover transferred property in addition to damages representing the difference between the value of the property at the time of the transfer and the value of the property at the time of the recovery. On that issue, the Court finds relevant the Seventh Circuit's decision in *Freeland v. Enodis Corp.*, 540 F.3d 721 (7th Cir. 2008). In that case, the Seventh Circuit discussed whether a trustee can recover from more than one party under Section 550(a), which allows for recovery from "(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; *or* (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C.A. § 550(a) (emphasis added). As Plaintiff does here, the Seventh Circuit noted that, "[a]s defined in the bankruptcy code, 'or' is not exclusive." *Freeland*, 540 F.3d at 740. "Thus, the trustee can recover from any combination of the entities mentioned [in § 550] subject to the limitation of a single satisfaction." *Id*. (citation omitted) (internal quotation marks omitted). The Court sees no reason to interpret the portion of Section 550(a) discussing the availability of remedies any differently. In other words, a trustee can recover a combination of the property transferred and/or the value of such property, subject to Section 550(d)'s limitation of a single satisfaction. In light of the plain language of Section 550 (and the Bankruptcy Code's inclusive definition of the term "or") and absent any binding authority to the contrary, the Court concludes that Plaintiff may seek to recover the difference between the value of the property at the time of the transfer and the value of the property at the time of the recovery.

Finally, Plaintiff argues that the Court should deny Defendants' motion for summary judgment on Counts II and III because there is "no proof[ ] that the 'acceptance' by the Bankruptcy Trustee of the [SEG Garvey Assignments] was approved by the Bankruptcy Court as a settlement or release of the fraudulent transfer claims against [Defendants] for the diminished value" of the

9

assignments.[4] [75, at 10.]  Defendants respond that they are not arguing that the Bankruptcy Trustee's acceptance of the SEG Garvey Assignments constitutes a "settlement" of Plaintiff's claims.  [84, at 11.]  Rather, they are arguing that the Trustee—in whose shoes Plaintiff purports to stand—is barred from seeking additional relief.  As discussed above, the Court rejects that argument.  Accordingly, the Court denies Defendants' motion for summary judgment on Counts II and III.

IV.     Conclusion

For the reasons set forth above, Defendants' motion for summary judgment [56] is denied. This case is set for further status hearing set for April 24, 2019 at 9:00 a.m.

Dated: March 20, 2019

							Robert M. Dow, Jr.
							United States District Judge

---

[4] In their reply brief, the Garvey Court Defendants argue that the Court should disregard this argument by Plaintiff because Plaintiff does not cite to authority for the proposition that the bankruptcy court had to approve the Bankruptcy Trustee's acceptance of the SEG Garvey Assignments. [84, at 11.] However, the Court finds it noteworthy that all of the cases cited by Defendants in support of their argument that only one type of a relief is available under Section 550 referred to the authority of the bankruptcy court, not the authority of the bankruptcy trustee.  Thus, even if Section 550 gives the bankruptcy court discretion to determine which relief is appropriate, it is not clear to the Court that the Bankruptcy Trustee also had such discretion.