**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| D.A.N. JOINT VENTURE III, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:18-cv-349 |
| | ) | |
| DOROTHEA TOURIS, et al., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION AND BRIEF FOR PARTIAL RECONSIDERATION OF THE COURT'S MARCH 25, 2020 MEMORANDUM OPINION AND ORDER**

For the reasons set forth below, Plaintiff seeks partial reconsideration[1] of the Court's March 25, 2020 Memorandum Opinion and Order [157] ("Order").

1. In the Court's Order, the Court granted in part the Rule 12(b)(6), Fed.R.Civ.P., Motion to Dismiss of Defendant Beermann Pritikin Mirabolli Swerdlove LLP ("BPMS") [130], dismissing Plaintiff's conspiracy and aiding and abetting claims against BPMS as set forth in Counts V and VI of Plaintiff's Second Amended Complaint. (Order p. 17.)

2. The Court ruled that "[t]he key question on which the resolution of this dispute rests is the proper characterization of Plaintiff's claims." (*Id*. p. 14.) Focusing in on Plaintiff's standing as the assignee of the Bankruptcy Trustee's claims <u>as alleged in ¶5.2 of Plaintiff's Second Amended Complaint</u> (Order p. 14), the Court stated that "Plaintiff stands in the shoes of the Chapter 7 Trustee, holding no more or no fewer rights than the Trustee would possess if he had advanced on the claims rather than assigned them to Plaintiff." (*Id*.)

---

[1] The standards for reconsideration of an order granting a defendant's motion to dismiss were summarized by this Court in *VBR Tours, LLC v. AMTRAK*, 2015 U.S. Dist. LEXIS 130455, *14-15, 2015 WL 5693735 (N.D. Ill. Sept. 28, 2015).

3. The Court then ruled that a <u>bankruptcy trustee</u> (and thus Plaintiff as the assignee of the Chapter 7 Trustee), as opposed to a defrauded creditor proceeding under Illinois law, could not, under 11 U.S.C. §550(a), assert claims against BPMS for a conspiracy to engage in fraudulent transfers or aiding and abetting fraudulent transfers. (Order pp. 14-17.) As concluded by this Court "[a]s an assignee of the Chapter 7 Trustee, Plaintiff must proceed on the 'disgorgement' model set out by [Bankruptcy] Judge Wedoff and followed by Judges Goldgar and Hollis . . .." (*Id*. p. 17.)

4. The distinction between Plaintiff's ability to assert certain conspiracy and aiding and abetting claims as an assignee of the Chapter 7 Trustee, as opposed to an assignee of a defrauded creditor proceeding purely under Illinois state law, was not raised by BPMS in its Motion to Dismiss, and thus not addressed by Plaintiff in its Response. [137.] Had the issue been raised in connection with BPMS's Motion to Dismiss, Plaintiff would have pointed out to the Court that Plaintiff also could assert standing as the assignee of the fraudulent transfer claims held by a defrauded creditor, 800 South Wells Commercial, LLC, as alleged in Plaintiff's Second Amended Complaint:

> 5.3. In the event it is determined that the Bankruptcy Court's August 18, 2017 Order (Px 27) authorizing the Trustee's assignment of fraudulent transfer claims to Plaintiff is subject to collateral attack, and thereafter it is determined that the Trustee lacked authority to assign his state-law fraudulent transfer claims to Plaintiff, Plaintiff's claims herein <u>are asserted in the alternative</u> as the assignee of the fraudulent transfer claims held by judgment creditor 800 South Wells Commercial, LLC ("800 SWC") which, on January 23, 2014, obtained a Final Judgment against Gouletas in the amount of $11,550,040.12 (the "800 SWC Judgment"). [Emphasis added.]
>
> * * *
>
> 58. On April 17, 2019, 800 SWC assigned all of its fraudulent transfer claims -- to the extent any such fraudulent transfer claims were not previously effectively assigned to DJV by the Trustee -- to Plaintiff. (Px 34)

[120, ¶¶5.3 & 58.]

5.  Indeed, a bankruptcy trustee does not hold the exclusive right to pursue fraudulent transfer claims forever. *See Klingman v. Levinson*, 158 B.R. 109, 113 (N.D. Ill. 1993) ("[T]he trustee does not retain this exclusive right in perpetuity"). Under 11 U.S.C. §546(a)(1)(A), a bankruptcy trustee has only two years to commence avoidance actions after a debtor files for bankruptcy, and if that prerogative expires, a "creditor regains standing to pursue a state law fraudulent conveyance action, in its own name and for its own benefit." *In re Integrated Agri, Inc.*, 318 B.R. 419, 427-28 (Bankr. N.D. Ill. 2004). *See, also, Klingman*, 158 B.R. at 113 ("The trustee's exclusive right to maintain a fraudulent conveyance action expires and creditors may step in (or resume actions) when the trustee no longer has a viable cause of action").

6.  As set forth in Rule 8(d)(2), "[a] party may set out 2 or more statements of a claim . . . alternatively or hypothetically . . .. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Moreover, pleadings "must be construed so as to do justice." Rule 8(e).

7.  As demonstrated by the authorities set forth in Plaintiff's Response [137, pp. 7-12], and the authorities cited by the Court at p. 12 of its Order, Illinois law acknowledges causes of action for both a conspiracy to engage in fraudulent transfers and aiding and abetting fraudulent transfers when asserted by a defrauded creditor. Accordingly, Plaintiff, as the assignee of a defrauded creditor, 800 SWC, has asserted viable causes of action under Illinois law against BPMS in Count V for a civil conspiracy to commit fraud, and in Count VI for aiding and abetting fraud.

## **PRAYER**

Since the Court made a decision outside the adversarial issues presented to the Court by the parties (*see VBR Tours*, 2015 U.S. Dist. LEXIS 130455, *14), partial reconsideration of the

Court's Order dismissing Plaintiff's Count V and Count VI claims against BPMS is appropriate. Plaintiff respectfully requests that the Court, upon reconsideration, acknowledge the viability of Plaintiff's Illinois state law conspiracy and aiding and abetting claims against BPMS as assignee of the claims of the defrauded creditor, 800 SWC.

Respectfully submitted,

ARMSTRONG LAW FIRM, P.C.

DATED: March 27, 2020.      By  *F. Dean Armstrong*
      F. Dean Armstrong, Esq.
      ARDC #6199894
      23353 S. 88th Avenue
      Frankfort, IL  60423
      815/464-3243
      Fax: 815/464-3449
      armstronglaw@sbcglobal.net
      **Attorney for Plaintiff**
      **D.A.N. Joint Venture III, L.P.**

### Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing pleading was served upon all parties receiving CM/ECF noticing on this 27th day of March, 2020. Parties not part of the CM/ECF system were served via United States Mail.

      */s/F. Dean Armstrong*
      F. Dean Armstrong