IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D.A.N. JOINT VENTURE III, L.P., <br><br> Plaintiff, <br><br> v. <br><br> DOROTHEA TOURIS, *et al.* <br><br> Defendants. | Case No. 1:18-cv-349 <br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OF LAW IN SUPPORT OF STUART T. ADLER'S MOTION FOR SUMMARY JUDGMENT ON COUNT I OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Stuart T. Adler, individually and as trustee to the Stuart T. Adler Revocable Family Trust dated January 31, 1992 ("Adler"), respectfully submits this Memorandum of Law in Support of his Motion for Summary Judgment on Count I of plaintiff D.A.N. Joint Venture III, L.P.'s ("Plaintiff") Second Amended Complaint (the "Complaint").

### INTRODUCTION

The material facts of this matter as they relate to the claim against Adler are limited, simple, and undisputed. Those facts are as follows:

(a) Adler was a judgment creditor of Homes by Invsco, Inc. ("HBI") and Nicholas S. Gouletas ("Gouletas");

(b) HBI paid Adler to satisfy the judgment; and

(c) at the time HBI satisfied Adler's judgment, there were three other judgment creditors of Gouletas.

By its action, Plaintiff seeks to recover transfers that were purportedly fraudulent as to Gouletas' other judgment creditors. Plaintiff claims that HBI's payment to satisfy Adler's judgment was fraudulent because Gouletas intentionally preferred Adler to his other, "unfavored",

judgment creditors. Plaintiff also concludes that Adler did not accept payment on his judgment in good faith because he was allegedly aware of the other judgments against Gouletas. Based on the undisputed facts, the Court should enter summary judgment in favor of Adler for *either* of the following reasons.

First, the payment to Adler to discharge the judgment cannot be a fraudulent transfer as a matter of law. Illinois law is clear and well settled: a preferential payment to one creditor over another is not a fraudulent transfer, even if it is made with the intent to hinder or delay other creditors. Moreover, Illinois law is equally clear that a preference cannot be transformed into a fraudulent transfer simply because the preferred creditor was aware of other creditors' claims. Therefore, even if there was incontrovertible evidence—which there is not—that Gouletas intentionally preferred Adler to hinder his other judgment creditors and that Adler was aware of the other judgments against Gouletas, Plaintiff cannot maintain its claim against Adler as a matter of law. Indeed, Illinois courts and courts applying Illinois law have consistently rejected claims nearly identical to Plaintiff's claim against Adler. Conversely, as noted by the Seventh Circuit, there is no decision from Illinois or any other state that treats a preferential payment to an actual creditor – much less a judgment creditor – as a fraudulent transfer.

Second, Plaintiff is seeking to avoid and recover a payment that was made by HBI – not Gouletas. Accordingly, that payment cannot be fraudulent as to Gouletas' creditors.

Therefore, Adler respectfully requests that the Court grant his Motion for Summary Judgment as to Count I of the Complaint.

## FACTS

The following facts have been admitted by Plaintiff and/or are undisputed. HBI and Gouletas defaulted on their obligations to Adler under certain notes. (Adler's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts ("56.1(a) __"), ¶¶ 6-9.) Accordingly, Adler

2

was forced to initiate litigation against HBI and Gouletas (twice) to collect the debt they owed to him under the notes. (56.1(a), ¶¶ 6-10.) On September 17, 2014, Adler obtained a judgment against HBI and Gouletas in the amount of $900,500.00, plus post-judgment interest, costs, and fees (the "Adler Judgment"). (56.1(a), ¶¶ 5, 10.) On November 11, 2014, Adler served HBI and Gouletas with citations to discover assets to enforce the Adler Judgment. (56.1(a), ¶ 11.) On December 30, 2014, in response to the citations, HBI, Gouletas, and Adler entered into a Release and Settlement Agreement (the "Adler Release".) (56.1(a), ¶ 12.) In the Adler Release, HBI and Gouletas agreed that HBI would pay Adler $850,000.00 (the "Settlement Payment"). (56.1(a), ¶ 13.) In exchange for the Settlement Payment, Adler agreed to release all claims against HBI and Gouletas arising out of the underlying notes and litigation, and to deem the Adler Judgment satisfied in full. (56.1(a), ¶ 14.) On January 8, 2015, Adler received the Settlement Payment from HBI. (56.1(a), ¶¶ 15, 17-21.) The Settlement Payment is the transfer Plaintiff seeks to avoid and recover from Adler in Count I of the Complaint. (56.1(a), ¶ 16.)

In addition to Adler, there were three other judgment creditors of Gouletas. (56.1(a), ¶ 22.) Plaintiff brings this action as the purported assignee the chapter 7 trustee of the bankruptcy estate of Gouletas to recover transfers that were allegedly fraudulent as to Gouletas' other judgment creditors. (56.1(a), ¶ 23.)[1] Like Adler, the other judgment creditors were collecting on their judgments against Gouletas through post-judgment proceedings in the Circuit Court of Cook County. (56.1(a), ¶ 24.) Of Gouletas' judgment creditors, only Adler had a judgment against HBI. (56.1(a), ¶¶ 5, 25.) Plaintiff alleges that Settlement Payment was fraudulent because Gouletas intentionally preferred Adler to the other judgment creditors, "forcing [those] unfavored creditors

---

[1] Adler does not concede that the purported assignment was proper or that Plaintiff has standing to assert the claims that belong to Goulteas' entire creditor estate for Plaintiff's own benefit. *See* Dkt. Nos. 68, 93, and 106.

3

to . . . seek collection of those debts through the judicial system"—as Adler was forced to do. (Second Amended Complaint ("Compl."), ¶¶ 9, 62, 66, 67.)2  Plaintiff also concludes that Adler did not take payment on his judgment in good faith because he "knew, must have known, or should have known about the [other] judgments" and citations to discover assets. (Comp.,¶ 65.)

### STANDARDS ON THIS MOTION

A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED R. CIV. P. 56(a). In ruling on a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).

### ARGUMENT

**A. THE SETTLEMENT PAYMENT TO DISCHARGE THE ADLER JUDGMENT CANNOT BE A FRAUDULENT TRANSFER AS A MATTER OF LAW**

It is undisputed that Adler was a judgment creditor of both HBI and Gouletas, and that the Settlement Payment was made to satisfy the Adler Judgment. (56.1(a), ¶¶ 5, 11-16.) Plaintiff, nonetheless, claims that the Settlement Payment made to Adler was a fraudulent transfer under Section 5(a)(1) of the Illinois Uniform Fraudulent Transfer Act ("IUFTA"). (Compl., Count I.) Section 5(a)(1) of the IUFTA addresses fraud-in-fact, or actual fraud. 740 ILCS 160/5(a)(1). To prevail on a fraud-in-fact claim, Plaintiff must prove a specific intent to defraud. *In the Matter of the Liquidation of MedCare HMO, Inc.* (*MedCare*), 689 N.E.2d 374, 381 (Ill. App. Ct. 1997). Plaintiff concludes that HBI's payment to satisfy the Adler Judgment was fraudulent because

---

2 The Second Amended Complaint is attached to Adler's 56.1(a)(3) Statement of Material Facts as Exhibit A.

Gouletas intentionally preferred Adler over his other, "unfavored", judgment creditors. (Compl., ¶¶ 9, 62, 64, 66, 67.) Plaintiff has not presented and cannot present any evidence that Gouletas paid the Adler Judgment with the specific intent to hinder his other creditors. Under Illinois law, however, even if there was direct and incontrovertible evidence that Gouletas paid the Adler Judgment with the express intent to hinder his other creditors, the payment is still not fraudulent as a matter of law. Choosing to pay one creditor over another is not fraudulent; it is simply a preference. *See, e.g., MedCare*, 689 N.E.2d at 381-82.

Illinois courts have repeatedly and consistently held that the well-established law is that a debtor may prefer one creditor over others although he knowingly hinders and delays his other creditors in the collection of their claims, provided the transfer is made to pay a debt owed to that creditor. *Albers v. Zimmerman*, 33 N.E.2d 452, 454 (Ill. 1941) (citations omitted) (affirming dismissal of fraudulent transfer complaint); *see also MedCare*, 689 N.E.2d at 381-82 (holding that under Illinois law ". . . the mere preference of one or more creditors over others does not constitute a fraudulent transfer" even where the debtor ". . . intended to hinder other creditors, or attempted to defraud other creditors.") (citation omitted); *Crawford County State Bank v. Doss*, 528 N.E.2d 436, 439-442 (Ill. App. Ct. 1988) (same; affirming summary judgment on one transfer in favor of transferee); *Am. Nat. Bank v. Wisniewski*, 310 N.E.2d 834, 840 (Ill. App. Ct. 1974) (recognizing "the right of a debtor . . . to prefer one creditor over other creditors by payment to one in full, though such payment renders him unable to pay the others.") (citation omitted); *Beery v. Hurd*, 14 N.E.2d 656, 659 (Ill. App. Ct. 1938) (a debtor has the right to devote any portion of his property to a preferred creditor, even if that leaves nothing for his other creditors) (citation omitted); *compare with Thompson v. Williams,* 127 N.E.2d 457, 459-61 (Ill. 1955) (purported re-payment

5

of a debt allegedly owed by a husband to a wife was not in actuality a preference (but was a fraudulent transfer) because there was no underlying debt owed to the wife by the husband).

Likewise, courts in the Seventh Circuit and this district have held that a mere preference among competing creditors is not a fraudulent transfer under Illinois law. Chief among these cases is *B.E.L.T., Inc. v. Wachovia Corp*., which addressed a claim to similar to Plaintiff's claim against Adler. 403 F.3d 474 (7th Cir. 2005). Citing and relying on *MedCare*, the Seventh Circuit affirmed the district court's dismissal of the complaint and noted that the plaintiff could not cite to " . . . any decision from Illinois (or any other state) that treats a . . . payment of a third-party creditor [much less a judgment creditor] . . . as a fraudulent conveyance on the theory that paying an antecedent debt evinces 'actual intent to . . . defraud any [other] creditor of the debtor.'" *Id*. at 478; *see also Galesburg 67, LLC v. Nw. Television, Inc*., 15 C 5650, 2017 WL 3608204, at *9 (N.D. Ill. Aug. 22, 2017); *B.E.L.T., Inc. v. LaCrad Int'l Corp*., 01 C 4296, 2002 WL 31761400, at *2-3 (N.D. Ill. Dec. 10, 2002), *aff'd sub nom. Wachovia Corp*., 403 F.3d 474; *N.A.P. Consumer Elecs. Corp. v. Ctr. Video Ctr., Inc.*, 86 C 9847, 1987 WL 18328, at *1–2 (N.D. Ill. Oct. 8, 1987) (dismissing fraudulent transfer complaint and holding that the transfer of assets to satisfy an outstanding debt is not a fraudulent transfer under Illinois law).

Here, there is no dispute that HBI and Gouletas owed a debt to Adler in the form of the Adler Judgment. (56.1(a), ¶¶ 5, 11-16.) Therefore, the Settlement Payment—even if made by Gouletas with the express intent to deprive his other judgment creditors of the opportunity to collect on their judgments—is not and cannot be a fraudulent transfer as a matter of law. At best, it may be a preference. *See e.g., MedCare*, 689 N.E.2d at 381-82; *Doss*, 528 N.E.2d at 439-42; *Wachovia Corp*., 403 F.3d at 477 ("a preference by any other name is still a preference and cannot be recovered outside of bankruptcy") (citation omitted).

Plaintiff also concludes that Adler did not take the Settlement Payment in good faith because he knew about the other creditors' judgments and their purported citations to discover assets. (Compl., ¶ 65.) Plaintiff makes this allegation to preemptively negate a good faith defense under 740 ILCS 160/9(a). The good faith defense, however, is irrelevant because the preference to Adler was not fraudulent in the first instance.3 *See infra*. Nonetheless, Plaintiff has not presented and cannot present any evidence that Adler was aware of the other judgments.4

---

3 If a transfer is fraudulent, 740 ILCS 160/9(a) provides an affirmative defense to a transferee who takes the transferred asset in good faith and for reasonably equivalent value. *See For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 560 F.3d 717, 720 (7th Cir. 2009) ("*FYEO*"). In the Complaint (¶ 65), Plaintiff cites *FYEO* to support its proposition that Adler did not take the Settlement Payment in good faith because Adler was allegedly aware of other judgments. Plaintiff's reliance on *FYEO* is misplaced. First, *FYEO* involved an initial transfer that was unquestionably fraudulent and then addressed *only* whether a subsequent transferee could avail itself to the good faith defense under 740 ILCS 160/9(a). *Id*. at 721-22 (citing *Kennedy v. Four Boys Labor Serv., Inc*., 664 N.E.2d 1088, 1093 (Ill. App. Ct. 1996) (good faith defense after finding transfer was fraudulent); *Alan Drey Co. Inc. v. Generation, Inc.*, 317 N.E.2d 673, 680 (Ill. App. Ct. 1974)(pre-UFTA; non-creditor purchaser of transferred asset). *FYEO* did *not* address a preferential payment by a debtor to a creditor, much less a judgment creditor, or alter in any way alter the preference line of cases addressed in this brief. *See FYEO*, 560 F.3d at 719-22. Second, even if *FYEO* was on point, the opinion lacks authoritative force as it was not rendered by an Illinois court. *See Wachovia Corp*., 403 F.3d at 477 (citation omitted).

4 Plaintiff merely speculates that Adler "must have been aware" because the Adler Release contained a disgorgement provision. (Compl.,¶ 65.) A disgorgement provision is standard in loan agreements and settlement agreements. It simply preserved the right of Adler to pursue HBI or Gouletas (for breach of the settlement agreement) if any portion of the Settlement Payment was later disgorged. (*See, e.g.,* 56.1(a), Ex. D, §§ 2 and 4.) It does not evidence knowledge of any other creditor's claim. To the contrary, the evidence establishes that Adler was not aware of the status of any other creditor's claim. (*See* 56.1(a): Ex. B, Nos. 9-12, 24-25; Ex. C, Nos. 16-18; Ex. F, Nos. 6-9; Ex. G, Nos. 12-16, 18 (the other judgment creditors of Gouletas did not make Adler a party to their respective citation/collection proceedings, otherwise place him on notice of those proceedings, or communicate with Adler in any manner whatsoever); and Ex. H (Adler's sworn declaration that he was not aware of the status of any other creditor's claim).). Moreover, the Settlement Payment could only be disgorged (and the disgorgement provision implicated) as follows. First, as preference in a bankruptcy of HBI (or Gouletas if the funds had come from him). Second, if the payment was *not* made by Gouletas or HBI but by a party that was *not* indebted to Adler. In that case, the payment could be constructively fraudulent as to the creditors of the payor (i.e., a payor *other than* HBI or Gouletas). Neither scenario, of course, is present in this case. Plaintiff is not pursuing and cannot pursue a preference claim and Plaintiff is not attempting to recover transfers that were allegedly fraudulent as to anyone other than Gouletas' creditors.

More importantly, even if there was evidence that Adler knew he was being preferred over other judgment creditors, that would not transform the preference into a fraudulent transfer. Illinois law is clear: no fraud arises on the part of the preferred creditor simply because he knew he was preferred, knew other creditors' claims would be defeated, or even where the preferred creditor knew that the debtor had defrauded other creditors. *See MedCare*, 689 N.E.2d at 381-82:

> . . . nor does the transferee lack good faith because he knew his debtor's purpose to prefer or because he actively sought the preference. Neither can the transfer be attacked on the ground that the creditor knew . . . that the collection of the claims of other creditors would be hindered or defeated, or that the debtor intended to defeat the collection of their claims. Knowledge on the part of the creditor receiving the preference that the debtor has acted with fraudulent intention is immaterial if the creditor has done nothing except to receive payment of his claim.

(quoting *Doss*, 528 N.E.2d at 440-41) (citation omitted); *see also Doss*, 528 N.E.2d at 439, 442 (affirming summary judgment in favor of transferee and holding that the transferee's acceptance of a mortgage with knowledge (i) of an impending judgment against the debtor by another creditor (and admittedly making sure that the mortgage was recorded before the judgment was entered), (ii) that the debtor intended to use the loan proceeds to prefer certain creditors, and (iii) that the debtor had attempted to defraud other creditors, did not evince fraudulent intent on the part of the transferee bank); *Wachovia Corp.*, 403 F.3d at 477-478 (citing *MedCare* and *Doss*) (affirming dismissal of complaint (in *LaCrad Int'l Corp*) where plaintiff alleged that the preferred creditor was aware that the debtor had defrauded its other creditors and that the preferential payment was the fruit of that fraud); and *LaCrad Int'l Corp.*, 2002 WL 31761400 at *3:

> Even assuming that First Union knew that (1) LaCrad was insolvent, and (2) First Union was preferred over LaCrad's other creditors, this would not be sufficient to prove fraudulent intent on the part of First Union. … ***LaCrad's alleged intent to hinder, delay or defraud its other creditors does not establish liability against First Union. . . . 'Knowledge on the part of the creditor receiving the preference that the debtor has acted with fraudulent intention is immaterial if the creditor has done nothing except to receive payment of his claim***.'

8

(internal citations omitted) (emphasis added).

*MedCare* is the leading Illinois case addressing this issue. In *MedCare*, the Illinois Director of Insurance sued a preferred creditor of an insolvent HMO to recover a purportedly fraudulent transfer. 689 N.E.2d at 379. The plaintiff claimed that the preferred creditor knew it was preferred and knew that payment of its claim would hinder the debtor's ability to pay its enrollees' claims. *Id*. at 380. By accepting payment with that knowledge, the plaintiff alleged, the preferred creditor participated in a scheme to defraud the debtor's enrollees. *Id.* at 380, 382. The Illinois Appellate Court affirmed the circuit court's dismissal of the plaintiff's complaint, holding that those allegations, even if true, do not establish fraudulent intent by the preferred creditor. *Id.* at 382 (distinguishing *Wilkey v. Wax*, 225 N.E.2d 813 (Ill. App. Ct. 1967) (not a true preference but collusion between a husband and wife to defraud a creditor by fabricating a non-existent debt)). Rather, the court held that the complaint merely alleged a preference among creditors. *Id.*

Here, there is no dispute that Adler was a judgment creditor of HBI and Gouletas, and that Adler did nothing more than receive a partial payment on his judgment against them. (56.1(a), ¶¶ 5, 11-16.) Whether Adler was aware of the other judgments (or even knew he was being preferred over other judgment creditors) is immaterial and cannot transform the Settlement Payment into fraudulent transfer. *See MedCare* 689 N.E.2d at 381-82; *Doss,* 528 N.E.2d at 437-38, 442; *Wachovia Corp*., 403 F.3d at 477-478 (citing *MedCare* and *Doss*); *LaCrad Int'l Corp.*, 2002 WL 31761400 at *3 (citing *MedCare*).

Therefore, under the undisputed material facts of this case, Plaintiff cannot maintain the fraudulent transfer claim alleged in Count I against Adler. Thus, the Court should grant summary judgment in favor of Adler on this basis alone.

**B.     THE SETTLEMENT PAYMENT WAS MADE BY HBI AND CANNOT BE FRAUDULENT AS TO GOULETAS' CREDITORS**

Plaintiff's claim against Adler is premised entirely on its allegation that the Settlement Payment was fraudulent as to Gouletas' creditors. (56.1(a), ¶ 23.)[5] Thus, it is axiomatic that if the Settlement Payment was not made by Gouletas, it cannot be fraudulent as to his creditors or recovered by those creditors. 740 ILCS 160/5(a); *A.P. Prop., Inc. v. Goshinsky,* 714 N.E.2d 519, 522 (Ill. 1999) (affirming dismissal of claim where, as here, Plaintiff was not a creditor of the transferee); *Doss,* 528 N.E.2d at 442 (same and holding that transfers by a debtor's spouse to her creditor cannot be fraudulent as to her husband's creditor).

Here, there is no dispute that the Settlement Payment came from HBI and not Gouletas. (56.1(a), ¶¶ 17-21.) To circumvent this undisputed fact, Plaintiff concludes that the funds used to make the Settlement Payment "legally and equitably" belonged to Gouletas because HBI was his alter ego. (Compl., ¶¶ 44, 62, 67). If Plaintiff wants to pursue transfers that were not made by Gouletas, however, it must present evidence that the transferor (HBI) was Gouletas' alter ego. To date, Plaintiff has not done so. Absent such evidence, Plaintiff cannot maintain its claim against Adler based on a transfer made by HBI. *See* 740 ILCS 160/5(a); *Goshinsky,* 714 N.E.2d at 522; *Doss,* 528 N.E.2d at 442.

Regardless, there is no dispute that Adler had a judgment against both HBI and Gouletas. Accordingly, as established in Section A above, even assuming the Settlement Payment was made with funds that belonged to Gouletas, it cannot be a fraudulent transfer as a matter of law. Therefore, this Court need not decide whether HBI was Gouletas' alter egos (or consider any discovery thereon) to grant summary judgment in Adler's favor.

---

[5] The judgment creditors on which Plaintiff's claim is based had judgments against only Gouletas and were not creditors of HBI. (56.1(a), ¶¶ 22-26.)

## CONCLUSION

For the foregoing reasons, Adler respectfully requests that the Court grant summary judgment in his favor and against Plaintiff on Count I of the Complaint.

Dated: September 15, 2020        Respectfully submitted,

By: /s/ John E. Zummo

John E. Zummo, Bar No. 6239693
John E. Zummo Law
233 S. Wacker Dr., Suite 6142
Chicago, IL 60606
 -and-
One Northfield Plaza
560 N. Frontage Rd., Suite 300
Northfield, IL 60093
(312) 504-1333
jzummo@zummolaw.com

*Counsel for the Stuart T. Adler Revocable Trust*

11