**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| D.A.N. JOINT VENTURE III, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-349 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| DORETHA TOURIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Across three complaints, Plaintiff D.A.N. Joint Venture III, L.P. ("Plaintiff") has alleged multiple schemes to defraud creditors with a variety of participants. Defendant law firm Beermann Pritikin Mirabelli Swerdlove LLP ("BPMS") moved to dismiss four claims against it in the second amended complaint [130], and the Court granted its motion in part in an order dated March 25, 2020 [157]. Plaintiff moved for partial reconsideration of that order [158], and later moved for leave to file a third amended complaint [169].

Though these two motions raise a variety of issues, one looms over all others and remains severely underdeveloped: can Plaintiff, who brought the complaint as an assignee of a Chapter 7 bankruptcy trustee, also pursue claims as an assignee of a defrauded creditor? Because that is a new question, and not a previously-raised issue that the Court erred in analyzing, the Court denies Plaintiff's motion for partial reconsideration. And because that issue is not sufficiently addressed by the existing briefing, the Court denies Plaintiff's motion for leave to file an amended complaint, but does so without prejudice. Plaintiff will have one additional opportunity to file an amended motion for leave to amend the complaint (in addition to or combined with any other appropriate

motion), with the hope that briefing on the motion addresses all of the outstanding issues and that, at the end of the briefing, the parties and the Court will have a final version of the complaint.

In short, Plaintiff's motion for reconsideration [158] is denied, Plaintiff's motion for leave to file a third amended complaint [169] is denied without prejudice, and Plaintiff may file an amended motion for leave to file a third amended complaint on or before March 5, 2021.

## I.     Background[1]

Plaintiff D.A.N. Joint Venture III, L.P. ("Plaintiff") brings claims as the assignee of Chapter 7 Trustee Richard M. Fogel. The title of the complaint states that Plaintiff is the "Assignee of Bankruptcy Trustee Richard M. Fogel, the Chapter 7 Trustee for the Bankruptcy Estate of Debtor Nicholas S. Gouletas," [120 at 1], and Plaintiff unambiguously states that its claims "are asserted as assignee of Bankruptcy Trustee Richard M. Fogel ("Bankruptcy Trustee"), who is the Bankruptcy Trustee for the Chapter 7 Bankruptcy Estate of Nicholas S. Gouletas, Debtor." [120, at ¶ 5.2.] Both are true not only for the second amended complaint, but also the first amended complaint [11 at 1 and ¶ 5.2] and the original complaint [1 at 1 and ¶ 5.2].

Plaintiff contends that Nicholas S. Gouletas schemed to hide, transfer, and otherwise shield his assets from the claims of certain judgment creditors by transferring more than $2,000,000 in cash and other assets to his friends, relatives, and a favored group of creditors. [120, at ¶ 1.] The second amended complaint lists eight counts, four of which are against defendant BPMS and relevant here: (1) Count I — Avoidance of Fraudulent Transfers, pursuant to 740 ILCS 160/5(a)(1); (2) Count IV — Avoidance of Fraudulent Transfers Pursuant to 740 ILCS 160/6(a) — Cash Transfers; (3) Count V — Civil Conspiracy to Commit Fraud; and (4) Count VI — Aiding

---

[1] The second amended complaint alleges multiple schemes to defraud creditors with a variety of participants. In this order, the Court addresses only the allegations and facts relevant to resolving Plaintiff's motion for reconsideration and motion for leave to file a third amended complaint.

and Abetting Fraud. [*Id.* at ¶1 61-67, 84-96]. The second amended complaint also asserts that if it is ever determined that the Bankruptcy Court's August 18, 2017 Order authorizing the Trustee's assignment of fraudulent transfer claims to Plaintiff is subject to collateral attack, and if the Chapter 7 Trustee "lacked authority to assign his state-law fraudulent transfer claims to Plaintiff, Plaintiff's claims herein are asserted in the alternative as the assignee of the fraudulent transfer claims held by judgment creditor 800 South Wells Commercial, LLC ("800 SWC")." [*Id.* at ¶5.3.] A description of the facts giving rise to the complaint and relevant to the motion to dismiss the second amended complaint is set forth in the Court's previous opinion [157]. The Court assumes familiarity with those facts.

The Court denied in part and granted in part BPMS's motion to dismiss. The Court denied the motion with respect to Plaintiff's avoidance of fraudulent transfer claims (Counts I and IV), but granted the motion to dismiss with respect to the aiding and abetting fraud and conspiracy to commit fraud claims (Counts V and VI). Plaintiff moved for partial reconsideration [158], essentially seeking reinstatement of Counts V and VI on the ground that the Court made a decision outside the adversarial issues presented by the parties. Plaintiff also asks the Court to declare that "as the assignee of a defrauded creditor, 800 SWC, [Plaintiff] has asserted viable causes of action under Illinois law against BPMS." [158 at 3.] BPMS opposes the motion, arguing that the Court's order contains no manifest error and that no assignee of a creditor is a party to the case. Plaintiff later filed a motion for leave to amend its complaint a third time, which primarily seeks to bolster its argument that it may pursue claims as an assignee of a creditor and to argue that, contrary to the Court's finding in the March 25, 2020 order, a four-year statute of limitations applies to its claims against BPMS. BPMS opposes this motion for a variety of reasons. While briefing on both

motions has concluded, the root issue—whether Plaintiff may pursue claims as an assignee of a creditor—has not yet been addressed in sufficient detail for the Court to rule on its merits.

## II.    Legal Standard

### A.    Motion for Reconsideration

The Seventh Circuit has long cautioned that appropriate issues for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).  This is because the court's orders are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Geraty v. Village of Antioch*, 2015 WL 127917, at *3 (N.D. Ill. Jan. 8, 2015) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).  Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911-12 (N.D. Ill. 2015) (quoting *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006)).  Manifest errors occur "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee*, 906 F.2d at 1191.

A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).  A party seeking reconsideration "bears a heavy burden," *Patrick*, 103 F. Supp. 3d at 912, and the decision whether to grant a motion to reconsider "is a matter squarely within the Court's discretion." *Darvosh v. Lewis*, 2015 WL 5445411, at *3 (N.D. Ill. Sept. 11, 2015) (citing *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270).

B.     **Motion for Leave to Amend Complaint**

A motion for leave to file an amended complaint should "freely" be granted "where justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F.Supp.2d 1036, 1040 (N.D.Ill. 2000) (citation omitted). There is "[g]ood cause" to file an amended complaint "when it is reasonable that new claims are only recognized after filing an initial complaint." *Luckett v. Conlan*, 561 F.Supp.2d 970, 976 (N.D.Ill. 2008). Leave to amend should be freely given "'[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party seeking an amendment carries the burden of proof in showing that no prejudice will result to the non-moving party. *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994) (citation omitted).

Additionally, plaintiffs may not endlessly amend complaints; "[t]here must be a point at which a plaintiff makes a commitment to the theory of its case," *Parisi v. Wexford Health Sources, Inc.*, 2020 WL 247394, at *8 (N.D. Ill. Jan. 16, 2020), quoting *Johnson v. Methodist Medical Center*, 10 F.3d 1300, 1304 (7th Cir. 1993), *cert. denied*, 511 U.S. 1107 (1994); see also *Driveline Sys., LLC v. Arctic Cat, Inc.*, 2014 WL 6674721, at *3 (N.D. Ill. Nov. 24, 2014) ("Rule 16 is designed to ensure that 'at some point both the parties and the pleadings will be fixed.'") (citing Fed. R. Civ. Pro. Rule 16, 1983 advisory committee's notes). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the

district court.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

## III.    Analysis

### A.    Motion for Reconsideration

Plaintiff moved for partial reconsideration, seeking reinstatement of its conspiracy to commit fraud and aiding and abetting fraud claims on the ground that the Court made a decision outside the adversarial issues presented by the parties.  Plaintiff argues that the Court's ruling characterized Plaintiff as only an assignee of a bankruptcy trustee, but the second amended complaint asserted in the alternative that Plaintiff is an assignee of claims held by a defrauded creditor.  As an assignee of a defrauded creditor proceeding under state law, Plaintiff argues, it can pursue conspiracy to commit fraud and aiding and abetting fraud claims, and it asks the Court to "acknowledge the viability of Plaintiff's Illinois state law conspiracy and aiding and abetting claims against BPMS as assignee of the claims of the defrauded creditor." [158 at 4.]

Defendant BPMS opposes the motion, arguing that it fails the standard for reconsideration because it identifies no mistakes of fact or law and because the ruling that Plaintiff seeks— acknowledgement of the viability of its claims—would be an advisory opinion.  BPMS also points out that neither the creditor, 800 SWC, nor any assignee of the creditor is a party to the case, so Plaintiff should not be allowed to pursue claims as an assignee of a creditor.  Additionally, though the complaint asserts that Plaintiff may, as an alternative, pursue claims as an assignee of a creditor, BPMS argues that the conditions that would trigger the alternative have not yet been met.

In its reply brief, Plaintiff argues that the order it seeks is not an advisory opinion under the interplay of Rule 8(d)(2) and Rule 17(a)(3).  Rule 8(d)(2) allows "[a] party" to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or

defense or in separate ones," and Rule 17(a)(3) which bars courts from "dismiss[ing] an action for failure to prosecute in the name of the real party in interest" until the real party in interest has been given a reasonable time to ratify, join, or be substituted into the action. Finally, Plaintiff notes that BPMS does not address the separate issue as to whether a defrauded creditor pursuing a claim under Illinois state law, as opposed to a bankruptcy trustee pursuing a claim under the Bankruptcy Code, can assert a claim for a conspiracy to engage in fraudulent transfers, or a claim for aiding and abetting fraudulent transfers.

The Court did not reach a decision outside the adversarial issues presented. Plaintiff brought its claims as an assignee bankruptcy trustee—so says Plaintiff's second amended complaint [120, at 1, ¶ 5.2] (as well as Plaintiff's first amended complaint [11, at 1, ¶ 5.2] and original complaint [1, at 1, ¶ 5.2]). BPMS moved to dismiss Plaintiff-bankruptcy-trustee's complaint, and the Court granted the motion in part because Plaintiff-bankruptcy-trustee cannot bring certain claims. [157, at 17.] That decision was squarely within the issues presented, and Plaintiff has not identified any error of law or fact or apprehension in the Court's opinion, nor does Plaintiff present newly discovered evidence that might warrant reconsideration.

Plaintiff's motion for reconsideration now raises a new issue: whether Plaintiff-bankruptcy-assignee can also pursue claims as a creditor-assignee when the creditor-assignee is not a party to the case. The Court will delve into that issue further in the next section, but for the purpose of deciding Plaintiff's motion for reconsideration, noting that Plaintiff raises a new argument is sufficient. *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269-70 (motion for reconsideration is not appropriate arguing matters that could have been heard during the pendency of the previous motion). Plaintiff's motion for reconsideration is denied on this ground, and the

Court need not address other questions raised in the motion, such as whether it can bless any creditor-assignee claims without issuing an advisory opinion.

**B.    Motion for Leave to File a Third Amended Complaint**

Plaintiff also filed a motion to amend the second amended complaint, which attached a proposed third amended complaint.  Plaintiff's motion says that it seeks to do four things: (1) add facts about BPMS's conduct that Plaintiff alleges were recently learned from documents produced by a third party; (2) clarify that the claims against BPMS do not arise from is performance of professional services; (3) clarify that BPMS acted as a transferee under the Illinois Uniform Fraudulent Transfer Act; and (4) delete claims against Warady & Davis, a defendant that settled with Plaintiff and was dismissed. [169 at 1.]  The Court's review of the proposed third amended complaint reveals that Plaintiff also seeks to assert, or resurrect after their dismissal, claims for conspiracy to commit fraud and aiding and abetting fraud, and to do so as an assignee of a defrauded creditor, rather than an assignee of a Chapter 7 trustee. [169-1 at 35-37.]

BPMS opposes this motion on several grounds.  It argues that amendment would be futile for a variety of reasons; that Plaintiff's motion comes after significant delay and repeated failures to cure the deficiencies in the complaint; that the proposed third amended complaint relies on the same exhibits as the prior version (contrary to Plaintiff's assertion that it relies on recently produced documents); that the third amended complaint is brought in bad faith; and that allowing amendment at this point would result in undue prejudice to BPMS.  BPMS focuses in part on the argument that the re-alleged conspiracy and aiding-and-abetting claims are on behalf of a non-party—the assignee of the defrauded creditor 800 SWC—referring to its opposition to Plaintiff's motion for partial reconsideration for support.  Plaintiff's reply denies that amendment would be

8

futile and says, for the first time, that the "new" facts came from a document subpoena served on DLA Piper. [174 at 9.]

Plaintiff's proposed third amended complaint essentially seeks to undo the unfavorable rulings in the Court's March 25, 2020 order. First, the Court's previous order determined that the applicable statute of limitations is the two-year limit for claims arising from provision of professional services (though the Court reserved judgment on whether that statute of limitations would bar any of Plaintiff's claims against BPMS). [157 at 10.] Now Plaintiff seeks to add "recently discovered" facts that, according to Plaintiff, demonstrate that its claims against BPMS do not arise from performance of professional services, which Plaintiff says means that its claims fall under a four-year statute of limitations instead. Second, the Court's prior order dismissed Plaintiff's conspiracy to commit fraud and aiding and abetting fraud claims because a Chapter 7 trustee, and the assignee who stands in his shoes, cannot pursue such claims. [157 at 17.] Now, Plaintiff seeks to amend the complaint to assert those previously dismissed claims not as the assignee of a Chapter 7 trustee, but as the assignee of a defrauded creditor.

Each of these moves raises potential problems, the most serious of which is determining what entities are parties to the case and what claims they may bring. Plaintiff brought his case as an assignee of a Chapter 7 trustee. That is what the case caption and original complaint say [1, at 1, ¶ 5.2], as well as the first amended complaint [11, at 1, ¶ 5.2] and the second amended complaint [120 at 1, ¶ 5.2]. Chapter 7 trustees, and assignees who stand in their shoes, cannot pursue claims for conspiracy to commit fraud or aiding and abetting fraud, as the Court has already determined. [157 at 17.]

However, in the proposed third amended complaint, Plaintiff purports to bring those claims not as an assignee of a Chapter 7 trustee, but as an assignee of a defrauded creditor. [169-1 at ¶¶

93, 96.]  However, no assignee of a creditor is currently a party to the case, as the title, caption, and allegations in the operative complaint (and all previous versions) identify Plaintiff as the assignee of a Chapter 7 trustee.  As the motion to amend the complaint and the proposed third amended complaint are written, Plaintiff cannot bring Count V (conspiracy to commit fraud) or Count VI (aiding and abetting fraud) against BPMS.

But there is another layer of complication.  Plaintiff purports to assert the creditor-assignee claims in the alternative.  The second amended complaint says that if it is ever determined that the Bankruptcy Court's August 18, 2017 Order authorizing the Trustee's assignment of fraudulent transfer claims to Plaintiff is subject to collateral attack, and if the Chapter 7 Trustee "lacked authority to assign his state-law fraudulent transfer claims to Plaintiff, Plaintiff's claims herein are asserted in the alternative as the assignee of the fraudulent transfer claims held by judgment creditor 800 South Wells Commercial, LLC ("800 SWC")."  [*Id.* at ¶ 5.3.]  The proposed third amended complaint repeats that paragraph. [169-1 at ¶ 5.3.]  But at BPMS pointed out [see 162 at 7], the conditions Plaintiff identified to trigger its alternative pleading have not, at this point, occurred.  More fundamentally, while a complaint may assert *claims* or *theories* in the alternative, it is not clear to the Court that a complaint may state *plaintiffs* in the alternative.

Both the proposed third amended complaint and Plaintiff's reliance on its attempted pleading in the alternative raise this question:  may Plaintiff, currently an assignee of a Chapter 7 trustee, also pursue claims as an assignee of a defrauded creditor?  As of now, the answer is "no," because the creditor-assignee is not a party to the case, and Plaintiff's motion to amend does not seek leave to add the creditor-assignee as a plaintiff or provide any argument or authority for doing so.  As a result, the Court denies the motion.  However, given the Seventh Circuit's preference for courts to decide issues on the merits, the dismissal is without prejudice.  Plaintiff may file an

10

amended motion for leave to file a third amended complaint, if it can do so consistent with Rule 11.[2]

Any amended motion should also address, at a minimum, the other obviously underdeveloped issue in the existing briefing: the "new" facts in the proposed third amended complaint. Plaintiff initially said that the third amended complaint would add facts "recently learned by Plaintiff through document production from a third party." [161 at 1.] Plaintiff elaborated slightly in its reply brief claiming that the new facts appeared in paragraphs 42, 43, and 51.1 of the proposed third amended complaint and were discovered through a document subpoena served on DLA Piper (though BPMS had no opportunity to respond to this assertion). [174 at 9.] But the proposed third amended complaint attaches the same exhibits as the second and Plaintiff has not provided the Court with the documents it alludes to, or any other information about them. On such a sparse record, it would be difficult for the Court to determine whether these "new" facts warrant another amendment to the complaint. Because the Court is allowing Plaintiff to amend the motion to address the creditor-assignee problem, Plaintiff will have the chance to flesh out the record on this point as well. Given that Plaintiff now has the chance to revise its motion to amend the complaint, the Court reserves discussion of and ruling on all other issues raised in the parties' briefing, including BPMS's arguments regarding delay, futility, bad faith, and so on. The parties may re-raise these issues if Plaintiff files an amended motion to amend the complaint, and the Court will address them at that time.

---

[2] One consequence of the underdevelopment of this issue is that the motion and briefing do not address the proper mechanism for seeking to add the creditor-assignee as a party at this stage of the case. It may be that a motion to amend the complaint is the right path, or that Plaintiff would need to file a different motion. Once Plaintiff identifies the appropriate route (assuming it does pursue adding the creditor-assignee as a party), Plaintiff may file any appropriate motion instead of, in addition to, or combined with the amended motion to amend the complaint.

Plaintiff's opportunity to amend the motion to amend is something of a second bite at the apple, or really a second bite at a fourth bite at the apple, since Plaintiff has already filed three versions of the complaint. While the Court believes that giving Plaintiff *this* chance is justified, *another* chance is not likely to come so easily; plaintiffs may not amend complaints *ad infinitum*, and it is time that BPMS knew for sure what claims, and what plaintiffs, it is facing. If Plaintiff chooses to file an amended motion to amend the complaint or other appropriate motion, Plaintiff should support the motion with a brief that lays out all of the arguments it wants to make, with citations to legal authority and relevant facts and, if appropriate, attaching any exhibits it wants the Court to review. Should the Plaintiff file an amended motion, the Court expects that the briefing on both sides will be thorough and that, at the end of the briefing, the Court and the parties will have the final version of the complaint.

## IV.     Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration [158] is denied, Plaintiff's motion for leave to file a third amended complaint [169] is denied without prejudice, and Plaintiff may file an amended motion for leave to file a third amended complaint on or before March 5, 2021.


Dated: February 3, 2021

_____
Robert M. Dow, Jr.
United States District Judge


12